Bonner C. Walsh, OSB 131716
bonner@walshpllc.com
WALSH LLC
PO Box 7
Bly, Oregon 97622
Phone          541.359.2827
Facsimile      866.503 8206

Adam R. Gonnelli (*pro hac vice* pending)
agonnelli@faruqilaw.com
FARUQI AND FARUQI, LLP
685 Third Avenue, 26th Floor
New York, New York 10017
Phone          212.983.9330
Facsimile      212.983.9331

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **CHRISTOPHER HAMILTON**, individually and on behalf of all others similarly situated, | CASE NO. 6:16-cv-382 |
| Plaintiff, | CLASS ACTION ALLEGATION COMPLAINT |
| v. | STATE AND COMMON LAW CLAIMS FOR DECEPTIVE ACTS |
| **GENERAL MILLS, INC.**, **GENERAL MILLS SALES, INC.**, | DEMAND FOR JURY TRIAL |
| Defendants. | |

CLASS ACTION ALLEGATION COMPLAINT                                    1

1.      This is a class action brought by Plaintiff Christopher Hamilton on behalf of a proposed class of consumers who purchased Mislabeled Cheerios (defined herein) against Defendants General Mills, Inc., and General Mills Sales, Inc. (together, "General Mills" or "Defendant") based on General Mills' unlawful sales and distribution of Mislabeled Cheerios that misled consumers by representing on the Mislabeled Cheerios that the product is "gluten free" when, in fact, they are not.

2.      In July 2015, General Mills began manufacturing, marketing, promoting, distributing and selling various varieties of "Gluten Free" labeled Cheerios, including original Cheerios and Honey Nut Cheerios.

3.      General Mills' "Gluten Free" representations and use of "Gluten Free" designation on the Mislabeled Cheerios were false. The Food and Drug Administration ("FDA") received reports of adverse events suffered by individuals who consumed "Gluten Free" labeled Cheerios. Results from testing showed that a sample contained 43 parts per million of gluten, which exceeded federal criteria for a food product to be labeled "Gluten Free."

4.      On October 5, 2015, General Mills issued a recall of affected boxes of original Cheerios produced over 4 days in July and affected boxes of Honey Nut Cheerios produced over 13 days made at General Mill's Lodi, California, facility (the "Mislabeled Cheerios"). Approximately 150,000 cases or 1.8 million boxes of Mislabeled Cheerios subject to the recall were shipped nationally.

5.      In announcing the recall, General Mills also acknowledged and admitted that it erroneously introduced wheat flour into its gluten-free oat flour system at the Lodi facility, and that the Mislabeled Cheerios were "wrongly labeled gluten free."

6.      Plaintiff seeks relief in this action individually and on behalf of a nationwide Class and an Oregon Sub-Class (all defined herein) for violation of the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. § 646.605, *et. seq.*, and common law.

## THE PARTIES

7.      Plaintiff Christopher Hamilton is a citizen and resident of Marion County in the State of Oregon.

8.      Defendant General Mills, Inc. is a Delaware corporation with its principal place of business in Minneapolis, Minnesota, and is registered to do business in the State of Oregon.

9.      Defendant General Mills Sales, Inc., is a Delaware corporation with its principal place of business in Minneapolis, Minnesota, and is registered to do business in the State of Oregon.

10.     At all relevant times herein, Defendants General Mills, Inc., and General Mills Sales, Inc., manufactured, advertised, marketed, sold and distributed Mislabeled Cheerios in the State of Oregon and throughout the United States.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants.

12.     This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within the State of Oregon, such that Defendants have significant, continuous and pervasive contacts with the State of Oregon.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: Defendants do business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this district, including his purchase and consumption of Mislabeled Cheerios.

## FACTS COMMON TO ALL CLAIMS

14.     Gluten is a mixture of proteins found in wheat and related grains, including barley and rye. Gluten helps dough rise by giving it elasticity, and gives the final product a chewy texture.

15.     However, "[n]early twenty million people contend that they regularly experience distress after eating products that contain gluten, and a third of American adults say that they are trying to eliminate it from their diets."[1]

16.     For individuals who suffer from celiac disease, the briefest exposure to gluten can trigger an immune reaction that is strong enough to damage the lining of the small intestine.

17.     According to the Food and Drug Administration, an estimated 3 million people suffers from celiac disease in the United States.

18.     For individuals with wheat allergy, these individuals run the risk of serious or life-threatening allergic reaction if they eat wheat.

19.     There is also evidence that gluten is capable of causing illness in individuals who do not suffer from celiac disease. In a study published in 2011, a team of researchers conducted

---

[1] Michael Specter, Against the Grain, Should You Go Gluten-Free? New Yorker, November 3, 2014 Issue  http://www.newyorker.com/magazine/2014/11/03/grain  (last visited February 29, 2016).

CLASS ACTION ALLEGATION COMPLAINT                                                                 4

a randomized controlled trial of 34 people and the findings showed that gluten can cause gastrointestinal symptoms in individuals without celiac disease.[2]

20.    According to Mintel, a market research company, sales of "Gluten Free" labeled products reached about $10.5 billion in 2013. The number is expected to rise to $15 billion annually by 2016.

21.    On August 5, 2014, the FDA issued a final rule requiring all food manufacturers to be in compliance with a new labeling standard in order for their food products to be labeled "Gluten Free."

22.    Under the rule, "gluten-free" is defined as food that is either inherently gluten free and any unavoidable presence of gluten in the food must be less than 20 parts per million (ppm); or does not contain an ingredient that is: 1) a gluten-containing grain, 2) derived from a gluten-containing grain that has not been processed to remove gluten, or 3) derived from a gluten containing grain that has been processed to remove gluten if the use of that ingredient results in the presence of 20 ppm or more gluten in the food. *See* 21 CFR § 101.91.

23.    While the final rule is aimed at protecting individuals with celiac disease, the FDA stated the definition "also benefits the food industry by establishing a level playing field among manufacturers of products labeled "gluten-free."[3]

---

[2] Biesiekierski JR, et al., Gluten causes gastrointestinal symptoms in subjects without celiac disease: a double-blind randomized placebo-controlled trial, Am J. Gastroenterol. 2011 Mar; 106(3):508-14.
[3] U.S. Food and Drug Administration, Questions and Answers: Gluten-Free Food Labeling Final Rule,
http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/Allergens/ucm362880.htm (last visited February 29, 2016).

CLASS ACTION ALLEGATION COMPLAINT                                                      5

**General Mills' "Gluten Free" Cheerios**

24.    With $994 million in 2014 sales, General Mill's Cheerios branded cereal is the best-selling cereal brand in the United States.[4]

25.    Recognizing that "1% of the population is celiac, and as much as 30% of the population is avoiding gluten," General Mills began to manufacture and market "gluten free" versions of Cheerios so that "large groups could enjoy Cheerios too."[5]

26.    General Mills represented that it "created a process that allows [it] to remove the wheat, rye and barley from the oats [it] purchase, making Cheerios gluten-free."

27.    The sorting and testing process was conducted at General Mills' Fridley flour mill where machines in the "cleaning house" are used to "weed out little bits of wheat, barley and rye – gluten-containing grains that sneak into shipments of oats from the farm."[6]

28.    General Mills also represented that "packages that are gluten-free will be labeled with a seal."

---

[4] Gabriel Beltrone, General Mills will introduce gluten free cheerios on the Emmys with this very sweet ad, Adweek (September 18, 2015) http://www.adweek.com/adfreak/general-mills-will-introduce-gluten-free-cheerios-emmys-very-sweet-ad-167011 (last visited February 29, 2016).

[5] https://web.archive.org/web/20150713030637/http://www.cheerios.com/Articles/Gluten%20Free%20Cheerios.aspx (accessed by searching for http://www.cheerios.com/Articles/Gluten%20Free%20Cheerios.aspx in the Internet Archive index).

[6] Mike Hughlett, Cheerios gluten-free misstep prompts quick actions by General Mills, Star Tribune (October 11, 2015) http://www.startribune.com/cheerios-gluten-free-misstep-prompts-quick-actions-by-general-mills/331887101/ (last visited February 29, 2016).

CLASS ACTION ALLEGATION COMPLAINT                                                6



29.     General Mills aggressively marketed its new "Gluten Free" Cheerios by "planning massive merchandising event for the brand," and "creating materials about its gluten-free products at point of sale areas in stores."[7]

30.     General Mills prominently displayed "Gluten Free" designations on the front, side and back of every purportedly "gluten free" variety, including the Mislabeled Cheerios. Images of the product packaging for the Mislabeled Cheerios are reproduced below:

---

[7] Phil Wahba, General Mills places big bets on gluten-free Cheerios, Fortune (September 22, 2015) http://fortune.com/2015/09/22/cheerios-gluten-free-general-mills-growth-plan/    (last    visited February 29, 2016).









31.    In early July 2015, General Mills began shipping gluten-free versions of five varieties of Cheerios.[8] Full distribution was expected by mid-September.[9]

**<u>False and Misleading Product Claims about Mislabeled Cheerios</u>**

32.    Despite General Mill's "gluten free" labeling and representations, the FDA received complaints of "adverse reactions associated with eating original Cheerios and Honey-Nut Cheerios labeled as gluten-free."[10]

33.    It was reported that the FDA received 125 reports of adverse health effects from consumers who ate "gluten free" labeled Cheerios.[11]

34.    In response to these adverse reaction reports, the FDA tested 36 samples of "gluten free" labeled Cheerios products taken from different General Mills' manufacturing facilities and lots. One sample of Honey Nut Cheerios tested as containing 43 parts ppm of gluten.  Under the final rule that went into effect August 5, 2014, foods may be labeled "gluten free" if there is less than 20 ppm of protein. The tested sample far exceeds the criteria that the "gluten free" labeled food contain less than 20 ppm of gluten.

35.    On October 5, 2015, General Mills issued a recall of affected production of original Cheerios and Honey Nut Cheerios produced within a certain period in July 2015.

---

[8] Beltrone, *supra* note 3.

[9] https://web.archive.org/web/20150713030637/http://www.cheerios.com/Articles/Gluten%20Free%20Cheerios.aspx    (accessed    by    searching    for http://www.cheerios.com/Articles/Gluten%20Free%20Cheerios.aspx in the Internet Archive index).

[10] http://www.fda.gov/Food/RecallsOutbreaksEmergencies/SafetyAlertsAdvisories/ucm465984.htm (last visited February 29, 2016).

[11] Mike Hughlett, FDA says it received 125 complaints about gluten-free Cheerios before recall, Star Tribune, (October 7, 2015) http://www.startribune.com/fda-says-125-people-complained-about-problems-from-gluten-free-cheerios/330957131/ (last visited February 29, 2016).

36.     In a message posted on General Mills' twitter page, the company acknowledged that the affected production of original Cheerios and Honey Nut Cheerios were "wrongly labeled gluten free."[12] A screenshot of the message is reproduced below:



37.     The recall includes 4 days of production of original Cheerios and 13 days of production of Honey Nut Cheerios made at General Mill's Lodi, California, facility ("Lodi facility") with the following "BETTER IF USED BY" code dates and the corresponding plant code "LD" that indicates the food product was produced at Lodi facility.

| | |
|---|---|
| **Cheerios (original)** | 14JUL2016LD |
| | 15JUL2016LD |
| | 16JUL2016LD |
| | 17JUL2016LD |
| | |
| **Honey Nut Cheerios** | 12JUL2016LD |
| | 13JUL2016LD |

---

[12]   https://twitter.com/cheerios/status/651118420071612416/photo/1?ref_src=twsrc%5Etfw  (last visited February 29, 2016).

14JUL2016LD
15JUL2016LD
16JUL2016LD
17JUL2016LD
18JUL2016LD
20JUL2016LD
21JUL2016LD
22JUL2016LD
23JUL2016LD
24JUL2016LD
25JUL2016LD

38.    The recall affected approximately 150,000 cases or 1.8 million boxes of cereal made in July at the Lodi facility.

39.    In a press release, General Mills admitted that wheat flour was "inadvertently introduced" to the gluten-free oat flour system at the Lodi facility.[13]

40.    General Mills acknowledged that its oat flour was "contaminated" when its bulk rail cars full of oat flour was offloaded into bulk trucks to transport the oat flour supply to its Lodi facility during the affected production dates.[14] The company also acknowledged that it has not been able to verify if the independently operated trucks were "thoroughly cleaned" according to its flour-handling protocols.[15]

41.    At that time of production, General Mills did not conduct daily testing of finished products for gluten.[16] Therefore, it failed to detect the gluten-tainted oat supply that breached the Lodi facility.

---

[13] General Mills issues voluntary recall of Cheerios and Honey Nut Cheerios cereal produced at its Lodi, California location on certain dates, http://www.generalmills.com/en/News/NewsReleases/Library/2015/October/cheerios-10-5/645b5aaf-c2ec-4661-b968-391f41953bfc (last visited February 29, 2016).
[14] Hughlett, *supra* note 5.
[15] *Id*.
[16] *Id*.

CLASS ACTION ALLEGATION COMPLAINT                                        11

42. The admitted "error" resulted in wheat being present in products labeled as gluten free at levels above the FDA gluten-free standard.

43. On October 13, 2015, the FDA issued a safety alert that warned consumers with celiac disease or wheat allergy to avoid eating the recalled original Cheerios or Honey Nut Cheerios, and also cautioned consumers with gluten sensitivity to be aware of the recall.

**Plaintiff's Experience**

44. Plaintiff purchased one twin pack of original Cheerios and one twin pack of Honey Nut Cheerios, both labeled and marketed as "Gluten Free," from a Costco store in Salem, Oregon in late September 2015. Plaintiff paid approximately $15.98, excluding sales tax.

45. Plaintiff purchased the Mislabeled Cheerios in reliance on Defendants' representations that the product was "Gluten Free," including those found on the product's packaging. Specifically, Plaintiff chose to purchase the product at issue because the Mislabeled Cheerios were represented as safe for consumption by persons, such as Plaintiff, who have celiac disease.

46. Defendants' representation was a false promise because the Mislabeled Cheerios were "wrongly labeled as gluten free" and contained gluten that exceeded the criteria specified by the FDA for food products labeled as "gluten-free."

47. Plaintiff's purchase was subject to General Mill's recall issued on October 5, 2015. Below is a photograph of the Cheerios packaging that indicates the purchased product was subject to the recall:



48.    Had Plaintiff been aware of Defendants' misrepresentations, he would not have purchased Mislabeled Cheerios.

### CLASS ACTION ALLEGATIONS

49.    Plaintiff seeks to represent a class defined as all persons in the United States who purchased Mislabeled Cheerios (the "Class").

50.    Plaintiff also seeks to represent a sub-class of all Class Members who purchased Mislabeled Cheerios in Oregon (the "Oregon Sub-Class").

51.    Excluded from the Class and Sub-Class are persons who made such purchase for the purpose of resale, Federal judges and members of their families within the first degree of consanguinity, Defendant, any entity in which Defendant has a controlling interest, and any of its subsidiaries, affiliates, and officers, directors of the entity Defendant, or employees, and any legal representative, heir, successor, or assignee of Defendant.

CLASS ACTION ALLEGATION COMPLAINT                                                            13

52.    Members of the Class and Oregon Subclass will be jointly referred to as "Class Members."

53.    The requirements of Federal Rule of Civil Procedure 23 are satisfied.

54.    Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclasses number in the tens of thousands. The precise number of Class Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class and Sub-Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

55.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

(a)    whether Defendants' labeling, marketing and promotion of Mislabeled Cheerios is false and misleading;

(b)    Whether, by the misconduct set forth in this Complaint, Defendant engaged in unfair, fraudulent or unlawful business practices with respect to labeling, marketing, promotion and sales of Mislabeled Cheerios;

(c)    whether Defendants were unjustly enriched by their conduct;

(d)    whether Defendants' conduct violated the state laws asserted herein;

(e)    whether Class Members suffered an ascertainable loss as a result of the Defendants' misrepresentations; and

(f)    whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief

56.    The claims of the named Plaintiff is typical of the claims of the Class and Sub-Class in that the named Plaintiff was exposed to, and relied on Defendants' false and misleading marketing of Mislabeled Cheerios and suffered a loss as a result of his Mislabeled Cheerios purchase.

57.    Plaintiff is an adequate representative of the Class and Sub-Class because his interest does not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

58.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the litigation. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  Individualized litigation also presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

59.    Questions of law and fact common to the Class and Sub-Class predominate over any questions affecting only individual Class Members. Injuries sustained by Plaintiff and Class Members flow, in each instance, from a common nucleus of operative facts i.e., Defendants'

misconduct. In each case, Defendants manufactured, marketed, distributed or sold Mislabeled and deceived Plaintiff and Class Members as to the characteristics or benefits of the product.  The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

### CAUSES OF ACTIONS

### Count I
### (Violation of the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. § 646.605, *et seq*.)

60.     Plaintiff and Class Members reallege and incorporate by reference each of the allegations set forth above and further allege as follows.

61.     This Count is brought on behalf of the Oregon Sub-Class under Oregon law.

62.     Defendants are liable to the Plaintiff for violating portions of the Oregon Unlawful Trade Practices Act (the "Act").

63.     Each Defendant is a "person" within the meaning of the Act because each Defendant is a corporation as set forth above.

64.     Plaintiff purchased Mislabeled Cheerios for personal use.

65.     Defendants represented to Plaintiff and Class Members that the Mislabeled Cheerios with its "gluten free" label on the product packaging was free of gluten and safe for consumption for individuals sensitive to gluten, when, in fact, the Mislabeled Cheerios were not gluten free nor were they safe for consumption for individuals sensitive to gluten.

66.     Defendants violated the Act  in at least the following respects:

(a) O.R.S.  §  646.608 (e): by representing that the Mislabeled Cheerios had characteristics which they did not have; and

(b) O.R.S. § 646.608 (g): by representing that the Mislabeled Cheerios had a particular standard, quality or grade, which they were not.

**Count II**
**(Quantum Meruit)**

67.     Plaintiff and Class Members reallege and incorporate by reference each of the allegations set forth above and further allege as follows.

68.     This Count is brought on behalf of the nationwide Class under Oregon law.

69.     Plaintiff and Class Members conferred a benefit on Defendants by purchasing Mislabeled Cheerios. Defendants were aware of this benefit, and at the same time were aware of the fact that the Mislabeled Cheerios did not deliver the promised benefits of a gluten free cereal that Plaintiff and Class Members expected.

70.     Defendants were unjustly enriched in retaining the revenues derived from Class Members' purchases of Mislabeled Cheerios, which retention under these circumstances is unjust and inequitable because Defendants represented that the Mislabeled Cheerios were "gluten free" when they were not free of gluten, which caused injuries to Plaintiff and Class Members because they would not have purchased the Mislabeled Cheerios if the true facts concerning the product had been known.

71.     Because Defendants' retention of the non-gratuitous benefit conferred on it by Plaintiff and Class Members was unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

**Count III**
**(Unfair and Deceptive Acts and Practices Under the Various States Laws in Which Class Members Reside, If the Court Eventually Determines The Laws of A Consumers' Residence Apply to Defendants' Wrongful, Unfair and Deceptive Acts)**

72.     Plaintiff and Class Members reallege and incorporate by reference each of the allegations set forth above and further allege as follows.

73.     As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiff states the following alternative causes of action under the laws of the states of

residence of Class members, if it is later determined by the Court that the choice of law rules require the application of these state laws.

74.    The practices discussed above, including, but not limited to, Defendant's Defendants' misrepresentations, all constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 75-122 below.

75.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Statutes § 45.50.471, *et seq.*  In particular, Alaska law provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.  (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged; . . . (15) knowingly making false or misleading statements concerning the need for parts, replacement, or repair service . . .

Alaska Stat. § 45.50.471.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants violated Alaska Statutes Annotated § 45.50.471.

76.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arizona Revised Statutes § 44-1521, *et seq.*  Particularly, Arizona law prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice,

fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. Ann. § 44-1522(A). By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants violated Arizona Revised Statute Annotated § 44-1522(A).

77. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code Annotated § 4-88-101, *et seq.* In particular, Arkansas law provides:

> Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following: (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; . . . (3) Advertising the goods or services with the intent not to sell them as advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

> Ark. Code Ann. § 4-88-107.

Arkansas law further provides,

> "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission."

Ark. Code Ann. § 4-88-108.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

78.     Defendant has engaged in unfair competition, unfair or deceptive acts or practices and false advertising in violation of CAL.BUS. & PROF CODE §17200, *et seq*., § 17500, *et seq*. Specifically, Section 17200 provides that unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Plaintiff and the Class seek injunctive relief, including restitution, under the UCL. Plaintiff and the Class also seek injunctive relief under California's Consumers Legal Remedies Act and will seek monetary relief once that statute's notice requirements have been satisfied.

79.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colorado Revised Statutes § 6-1-101, *et seq*. In particular, Colorado law provides:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Colorado Revised Statutes § 6-1-105.

80.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, *et seq*. In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat.

§ 42-110b(a).  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated the General Statutes of Connecticut § 42-110b.

81.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Delaware Code Annotated Title 6, § 2511, *et seq.*  In particular, Delaware law provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice."  Del. Code Ann. tit. 6, § 2513(a).  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Delaware Code Annotated Title 6, § 2513(a).

82.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of District of Columbia Code § 28-3901, *et seq*.  Particularly, District of Columbia law provides:

> It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; . . . (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead; . . . (f) fail to state a material fact if such failure tends to mislead; . . . (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered . . . .

D.C. Code § 28-3904.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated District of Columbia Code § 28-3904.

CLASS ACTION ALLEGATION COMPLAINT                                                   21

83.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Statutes § 501.201, *et seq.*  In particular, Florida law provides, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Florida Statutes § 501.204(1).

84.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Georgia Code Annotated §10-1-390, et seq.  In particular, Georgia law provides:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

Ga. Code Ann. § 10-1-372.

Georgia law further provides:

> (a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

CLASS ACTION ALLEGATION COMPLAINT                                      22

85.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, *et seq*.  In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Haw. Rev. Stat. § 480-2.  Hawaii law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Hawaii Revised Statutes §§ 480-2, 481A-3.

86.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601*, et seq*.  In particular, Idaho law provides:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Idaho Code Annotated § 48-603.

87.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 Illinois Compiled Statutes 505/1, *et seq.*  In particular, Illinois law provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, [footnote] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . .

815 Ill. Comp. Stat. 505/2.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated 815 Illinois Compiled Statutes 505/2.

88.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Indiana Code § 24-5-0.5-1, *et seq.*  In particular, Indiana law provides:

> (a) The following acts or representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.  (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . . (11) That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it.
>
> Ind. Code § 24-5-0.5-3.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Indiana Code § 24-5-0.5-3.

89.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, *et seq.*  In particular, Kansas law provides:

> (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Kansas Statutes Annotated § 50-626.

90.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, *et seq.*  In particular, Kentucky law provides, "(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  (2) For the purposes of this section, unfair shall be construed to mean unconscionable."  Ky. Rev. Stat. Ann. § 367.170.  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Kentucky Revised Statutes Annotated § 367.170.

91.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, *et seq.*  Particularly,

Louisiana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Rev. Stat. Ann. § 51:1405A. By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Louisiana Revised Statutes Annotated § 51:1405A.

92.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A, *et seq.* In particular, Maine law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." Me. Rev. Stat. Ann. tit. 5, § 207. By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Maine Revised Statutes Annotated Title 5, § 207.

93.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-101, *et seq.* In particular, Maryland law provides:

> Unfair or deceptive trade practices include any: (1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; (2) Representation that: (i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have; . . . or . . . (iv) Consumer goods, consumer realty, or consumer services are of a particular standard, quality, grade, style, or model which they are not; (3) Failure to state a material fact if the failure deceives or tends to deceive; . . . (5) Advertisement or offer of consumer goods, consumer realty, or consumer services: (i) Without intent to sell, lease, or rent them as advertised or offered; . . . (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with: (i) The promotion or sale of any consumer goods, consumer realty, or consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

CLASS ACTION ALLEGATION COMPLAINT                                                    26

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Maryland Code Annotated, Commercial Law § 13-301.

94.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Laws of Massachusetts Chapter 93A, § 1, *et seq*.  In particular, Massachusetts law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Mass. Gen. Laws Ch. 93A, § 2.  By engaging in the practices discussed above, including, but not limited to, including, but not limited to, Defendants' misrepresentations, Defendants have violated the General Laws of Massachusetts Chapter 93A, § 2.

95.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Michigan Compiled Laws § 445.901, *et seq*.  In particular, Michigan law provides:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows: . . . (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. . . . (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. . . . . (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . . . (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. . . . (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Mich. Comp. Laws § 445.903.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Michigan Compiled Laws § 445.903.

96.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minnesota Statutes § 8.31, *et seq.*  In particular, Minnesota law provides:

> A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: . . . (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertises goods or services with intent not to sell them as advertised; . . . or (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 325D.44, sub. 1.

Minnesota law further provides:

> Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

Minn. Stat. § 325F.67.

Minnesota law provides as well that

> "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ."

Minn. Stat. § 325F.69, sub. 1.

CLASS ACTION ALLEGATION COMPLAINT                                                    28

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Minnesota Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

97.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Missouri Revised Statutes § 407.010, *et seq.*  In particular Missouri law provides, "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . , in or from the state of Missouri, is declared to be an unlawful practice. . . ."  Mo. Rev. Stat. § 407.020.1.    By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Missouri Revised Statutes § 407.020.1.

98.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code Annotated § 30-14-101, *et seq.*  In particular, Montana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Mont. Code Ann. § 30-14-103.  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Montana Code Annotated § 30-14-103.

99.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Revised Statutes § 59-1601, *et seq.*  In particular, Nebraska law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  Neb. Rev. Stat. § 59-1602.  Nebraska law further provides:

(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: . . . (5) Represents that goods or

> services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (c) This section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state.

Neb. Rev. Stat. § 87-302.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Nebraska Revised Statutes §§ 59-1602, 87-302.

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nevada Revised Statutes § 598.0903, *et seq*.  Nevada law provides in particular:

> A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith. . . . 7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model. . . . 9. Advertises goods or services with intent not to sell or lease them as advertised. . . . 15. Knowingly makes any other false representation in a transaction. . . .

Nev. Rev. Stat. § 598.0915.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Nevada Revised Statutes § 598.0915.

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-A:1, *et seq*. Particularly, New Hampshire law provides:

> It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.  Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following: . . . V. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . VII. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style

CLASS ACTION ALLEGATION COMPLAINT                                    30

or model, if they are of another; . . . IX. Advertising goods or services with intent not to sell them as advertised . . . .

N.H. Rev. Stat. Ann. § 358-A:2.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated New Hampshire Revised Statutes Annotated § 358-A:2.

102.    Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of New Jersey Statutes Annotated § 56:8-1, *et seq*. Particularly, New Jersey law provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated New Jersey Statutes Annotated § 56:8-2.

103.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Statutes § 57-12-1, *et seq*.  In particular, New Mexico law provides:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or

CLASS ACTION ALLEGATION COMPLAINT                                               31

grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. § 57-12-2.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated New Mexico Statutes § 57-12-2.

104.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, *et seq*.  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated New York General Business Law § 349.

105.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, *et seq*.  In particular, North Carolina law provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a).  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated North Carolina General Statutes § 75-1.1(a).

106.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Dakota Century Code § 51-15-01, *et seq*.  In particular, North Dakota law provides:

The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely

CLASS ACTION ALLEGATION COMPLAINT                                                        32

thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D. Cent. Code § 51-15-02.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated North Dakota Century Code § 51-15-02.

107.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Revised Code Annotated § 1345.01, *et seq.*  In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Ohio Rev. Code Ann. § 1345.02(a). By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Ohio Revised Code Annotated § 1345.02(a).

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Oklahoma Statutes Title 15, § 751, *et seq.* In particular, Oklahoma law provides:

> As used in the Oklahoma Consumer Protection Act: . . . 13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.  Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral; 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. . . .

Okla. Stat. Tit. 15, § 752.

Oklahoma law further provides:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person: . . . 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses,

benefits, alterations, or quantities of the subject of a consumer transaction . . . ; . . . 7. Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

Okla. Stat. Tit. 15, § 753.

It continues to provide:

A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.

Okla. Stat. Tit. 78, § 53.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Oklahoma Statutes Titles 15, §§ 752 and 753, 78, § 53.

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pennsylvania Statutes Annotated Title 73, § 201-1, *et seq*. In particular, Pennsylvania law provides:

(4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following: . . . (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

Pa. Stat. Ann. Tit. 73, § 201-2.

CLASS ACTION ALLEGATION COMPLAINT                                      34

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Pennsylvania Statutes Annotated Title 73, § 201-2.

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island General Laws § 6-13.1-1, *et seq.*  In particular, Rhode Island law provides:

> As used in this chapter: . . . (6) "Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding; (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer; (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect; . . . (xvii) Advertising claims concerning safety, performance, and comparative price unless the advertiser, upon request by any person, the consumer council, or the attorney general, makes available documentation substantiating the validity of the claim . . . .

R.I. Gen. Laws § 6-13.1-1.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Rhode Island General Laws § 6-13.1-1.

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Annotated § 39-5-10, *et seq.*  In particular, South Carolina law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. . . ."  S.C. Code Ann. § 39-5-20.  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated South Carolina Code Annotated § 39-5-20.

Case 6:16-cv-00382-MC   Document 1   Filed 02/29/16   Page 36 of 41

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Dakota Codified Laws § 37-24-1, et seq.  In particular, South Dakota law provides:

> It is a deceptive act or practice for any person to: (1) Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, deceived, or damaged thereby.

S.D. Codified Laws § 37-24-6(1).

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated South Dakota Codified Laws § 37-24-6(1).

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tennessee Code Annotated § 47-18-101, et seq.  In particular, Tennessee law provides:

> (b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; . . . (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person . . . .

Tenn. Code Ann. § 47-18-104.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Tennessee Code Annotated § 47-18-104.

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, *et seq*.   Specifically Defendants violated the following sections of the Texas Deceptive Trade Practices Act ("DTPA"):

>    Tex. Bus. & Com. Code §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(20), and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiff and each member of the Texas Class; and

>    Tex. Bus. & Com. Code §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

TEX. BUS. & COM. CODE ANN. § 17.41.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Texas Business & Communication Code Annotated § 17.41.

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Annotated § 13-11-1, *et seq*.   In particular, Utah law provides:

>    (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.  (2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; . . . (j) . . . (ii) fails to honor a warranty or a particular warranty term . . . .

Utah Code Ann. § 13-11-4.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Utah Code Annotated § 13-11-4.

116.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, *et seq*.   In particular, Vermont

CLASS ACTION ALLEGATION COMPLAINT                                                  37

law provides, "(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." Vt. Stat. Ann. tit. 9, § 2453. By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Vermont Statutes Annotated Title 9, § 2453.

117.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Virginia Code Annotated § 59.1-196, *et seq*. In particular, Virginia law provides:

> A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; 7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class"; 8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised. . . . 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction . . . .

Va. Code Ann. § 59.1-200.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Virginia Code Annotated § 59.1-200.

118.    Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010, *et seq*. Particularly, Washington law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020. By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Washington Revised Code § 19.86.020.

119.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq*.  In particular, West Virginia law provides:

> (7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following: . . . (E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (G) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; . . . (I) Advertising goods or services with intent not to sell them as advertised; . . . (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; . . . (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

W. Va. Code § 46A-6-102.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated West Virginia Code § 46A-6-102.

120.    Defendants have engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, *et seq*.  Particularly, Wisconsin law provides, "Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited." Wis. Stat. § 100.20(1).  By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Wisconsin Statutes § 100.20(1).

121.    Defendants have engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-12-101, *et seq*.  In particular, Wyoming law provides:

> (a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he

> knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; . . . (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not; . . . (x) Advertises merchandise with intent not to sell it as advertised; . . . or . . . (xv) Engages in unfair or deceptive acts or practices.

Wyo. Stat. Ann. § 40-12-105.

By engaging in the practices discussed above, including, but not limited to, Defendants' misrepresentations, Defendants have violated Wyoming Statutes Annotated § 40-12-105.

122.    Plaintiff and Class Members have been injured by reason of Defendants' unfair and deceptive acts and practices in regard to its sale of the Mislabeled Cheerios that are not free from gluten, a labeling without which consumers would not have bought Mislabeled Cheerios or would have been unwilling to pay the price they, in fact, purchased them for.  These injuries are of the type that the above state consumer protection statutes were designed to prevent and are the direct result of Defendants' unlawful conduct.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

A.     For an order certifying the nationwide Class and Oregon Sub-Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Sub-Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B.     For an order declaring the Defendants' conduct violates the statute(s) referenced herein;

C.     For an order finding in favor of Plaintiff, the nationwide Class, and the Sub-Class on all counts asserted herein;

D.     For compensatory and punitive damages in amounts to be determined by the Court or jury;

E.      For prejudgment interest on all amounts awarded

F.      For an order of restitution and all other forms of equitable monetary relief;

G.      For injunctive relief as the Court may deem proper; and

H.      For an order awarding Plaintiff, the Class and Sub-Class their reasonable attorneys'

fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: February 29, 2016

By:____/s/ Bonner C. Walsh_____
Bonner C. Walsh, Oregon Bar No. 131716
**WALSH LLC**
PO Box 7
Bly, Oregon 97622
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email:  bonner@walshpllc.com

Adam R. Gonnelli
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: agonnelli@faruqilaw.com
*Pending pro hac vice*

CLASS ACTION ALLEGATION COMPLAINT                                                41