IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTOPHER HAMILTON**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**GENERAL MILLS, INC., GENERAL MILLS SALES, INC.**

    Defendants.

Civ. No. 6:16-cv-382-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Christopher Hamilton, an Oregon citizen, brings this action against General Mills, Inc. and General Mills Sales, Inc. ("General Mills") asserting a violation of Oregon's Unlawful Trade Practices Act ("UTPA"), quantum meruit, and unfair and deceptive practices under a multitude of state statutes. Hamilton seeks compensatory damages and injunctive relief on behalf of himself and a purported class.

General Mill asks this court, among other things discussed below, to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). ECF No. 18. Because Hamilton lacks standing and has failed to state a claim upon which relief can be granted, General Mills' Motion to Dismiss, ECF No. 18, is GRANTED.

1 – OPINION AND ORDER

## BACKGROUND

General Mills manufactures gluten-free varieties of its Original and Honey Nut Cheerios cereals. Def.'s Mot., 2, ECF No. 18. In July 2015, a transportation breakdown occurred and, to meet shipping requirements, bulk rail cars carrying oat flour were offloaded into bulk trucks. General Mills was unable to verify whether those trucks were cleaned enough to satisfy its flour-handling protocols for its gluten-free products. Pl.'s Compl., ¶ 42, ECF No. 1. The incident led to wheat flour contamination of gluten-free oat flour that was used to make gluten-free Cheerios on specific production dates. Def.'s Mot., 2, ECF No. 18. On October 5, 2015, General Mills, working in conjunction with the United States Food and Drug Administration ("FDA"), issued a widely-advertised voluntary recall and refund program for the cereals produced on those dates. *Id.*

Plaintiff paid $15.98 for two twin-packs of gluten-free cereal in Salem, Oregon in September 2015. Pl.'s Compl., ¶ 44, ECF No. 1. Plaintiff has celiac disease, Pl.'s Compl., ¶ 45, ECF No. 1, but does not claim that he suffered any adverse effects or that he even consumed the cereal. Def.'s Mot., 2, ECF No. 18. Plaintiff's Complaint also alleges that the FDA received calls from consumers who ate gluten-free Cheerios and experienced adverse health effects, but Plaintiff does not specify on which dates those complaints were issued. Pl.'s Compl., ¶¶ 4, 32, 33, ECF No. 1.

Plaintiff, on behalf of a proposed class of consumers who purchased "Mislabeled Cheerios," Pl.'s. Compl., ¶ 49, ECF No. 1, alleges that General Mills (1) violated the Oregon Uniform Trade Practices Act, Or. Rev. Stat § 646.605, *et seq.*; (2) received unjust enrichment; and (3) engaged in unfair and deceptive acts and practices under various states' laws. Pl.'s Compl., ¶¶ 60–122. Plaintiff also notes that at the time of the contamination, General Mills did

not employ testing on its finished "gluten-free" products to ensure that they did not contain gluten. Pl.'s Complaint, ¶ 41, ECF No. 1 and Pl.'s Opp'n, 2, ECF No. 21. Each of these allegations relates to the recalled batches and characterizes General Mills' sale of contaminated Cheerios as mislabeling, false advertising, and deception.

## STANDARD OF REVIEW

I.  Motion to Dismiss Pursuant to Rule 12(b)(6)

In order to survive a motion to dismiss, a Complaint must contain more than a "formulaic recitation of the elements of a cause of action…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the factual allegations give rise to a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, the factual allegations must allow the court to infer more than a "mere possibility of misconduct." *Id.* at 679.

This Court may dismiss a claim at any time if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the Complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court should view all allegations made in the complaint in a light most favorable to the plaintiff. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

II.     Motion to Dismiss Pursuant to Rule 12(b)(1)

This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). First, the plaintiff must prove that he has suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest. *Id.* at 560. This injury must be actual or imminent, not conjectural or hypothetical. *Id.* Second, there must be a causal connection, meaning the injury must be fairly traceable to the conduct cited in the Complaint. *Id.* And third, there must be redressability, or a likelihood that a favorable decision will redress the injury. *Id.* at 561.

## DISCUSSION

General Mills first requests that this Court take judicial notice of six items from its corporate website, the FDA website, and various news organizations. General Mills then moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), asserting that Hamilton's claim is moot, lacks Article III and statutory standing, and lacks standing for injunctive relief. General Mills also moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), asserting that Hamilton has failed to state a claim under Oregon's UTPA, quantum meruit, and other states' unfair and deceptive practices laws. Finally, General Mills moves to strike Hamilton's class allegations pursuant to Rule 12(f) and 23(d)(1)(D). I address each issue in turn.

### I. Request for Judicial Notice

As a preliminary matter, General Mills requests that this Court take judicial notice of six items: two articles from the website of the FDA (ECF Nos. 20-1, 20-2), three articles from the corporate website of General Mills and Cheerios (ECF Nos. 20-3, 20-4, 20-5), and one collection of reports from various news organizations related to the recall underlying this case (ECF No.

4 – OPINION AND ORDER

20-6).[1] *See* Req. for Jud. Notice ("RJN"), ECF No. 20.

In general, material outside of the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

There are several exceptions to this general rule. First, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence ("FRE") 201, so long as the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006). Second, a court may take judicial notice of material incorporated into a complaint in order to develop its understanding of facts and inferences contained within the body of the complaint that are drawn from those incorporated materials. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Third, courts may properly notice, for the purpose of jurisdictional determinations, facts that are not subject to reasonable dispute that come from sources whose accuracy cannot be reasonably questioned. *Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011).

General Mills' Request for Judicial Notice is well-taken with respect to Exhibits 1–5 because they are incorporated into the complaint. I may therefore consider those articles for the truth of their content without converting General Mills' motion into one for summary judgment. 593 F.3d at 1038 (explaining incorporation by reference in the context of documents on which a complaint necessarily relies). I note that Hamilton appears to recognize the strength of, if not concede entirely to, this aspect of General Mills' Request. *See* Pl.'s Opp. to RJN, 3, ECF No. 22.

---

[1] The articles in Exhibit 6 come from *The Wall Street Journal, Associated Press, USA Today, Los Angeles Times,* and *Star Tribune*. ECF No. 20-6.

5 – OPINION AND ORDER

In reaching my determinations on the instant motions, I may consider the full text of those exhibits, rather than their mere characterization within the pleadings. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014).

Regarding Exhibit 6, the collection of online news articles regarding General Mills' recall, Hamilton contests General Mills' Request for Judicial Notice, arguing that this Court may not properly consider the content of the articles' for their truth. General Mills does not Request that I do so. Instead, General Mills offers these articles to illustrate the information available in the public realm at the time of the recall. This is a proper basis for judicial notice. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)).

For these reasons, this Court takes judicial notice of Exhibits 1–6 to General Mills' Request for Judicial Notice.

## II. Subject Matter Jurisdiction

General Mills first moves to dismiss for lack of subject matter jurisdiction. Def.'s Mot., 8, ECF No. 18. General Mills argues that Hamilton's case is moot, lacks Article III and statutory standing, and lacks standing to pursue injunctive relief.

### A. Mootness

General Mills argues that its recall program and refund offer renders Hamilton's cause of action moot. Def.'s Mot., 11, ECF No. 18. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In *Tosh-Surryhne v. Abbot Laboratories, Inc.*, the court found in a very similar recall that the defendant's offer of restitution for its recalled products mooted the plaintiff's claims and stripped the court of jurisdiction." No. CIV S–10– 2603 KJM–EFB 2011 WL 4500880, at *5 (E.D. Cal. Sept. 27, 2011).

6 – OPINION AND ORDER

Mootness with regard to a recall program is usually placed at issue when the parties disagree about whether the defendant offered a refund prior to the suit. In *Long*, for example, the defendant's motion to dismiss for mootness was denied because the defendant did not prove that it offered or provided a refund to the plaintiff. *Long v. Graco Children's Products, Inc.*, No. 13-CV-01257-JD, 2014 WL 7204652, at *4 (N.D. Cal. Dec. 17, 2014). There is no such dispute here. Hamilton acknowledges that the Cheerios he purchased fell within the recall/refund period. Pl.'s Compl., ¶ 47, ECF No.1. Hamilton instead argues that the recall program is inadequate because it does not meet the full extent of his request for relief. Pl.'s Opp'n, 4, ECF No. 21. Therefore, whether Hamilton's claim is moot depends on whether he has standing to sue for the claims he makes that exceed the recall/refund program.

I note that in *Lengen v. General Mills, Inc.*, a district judge disagreed with General Mills' assertion that its recall program rendered the plaintiffs' claims moot because the plaintiffs requested "damages that exceed the scope of the recall program and relate to Defendants' business practices prior to instituting the recall program." No. 2:15-cv-02262-MCE-KJN, 2016 WL 2602416, at *6 (E.D. Cal. May 5, 2016). Like the plaintiffs in *Lengen*, Hamilton seeks "proper notice to affected consumers, full compensatory damages, and other appropriate remedies based upon the facts to be revealed in discovery." Pl.'s Opp'n, 4, ECF No. 21. Hamilton contends that his allegations require discovery to shed light on the nature and extent of General Mills' mislabeling practices and whether its recall is adequate. Pl.'s Opp'n, 7, ECF No. 21. Yet Hamilton does not allege that he or other members of the potential class were harmed by Cheerios that were produced outside the recall period. The question then becomes whether Hamilton was injured as a result of purchasing recalled Cheerios, and whether that injury confers standing to sue for damages despite General Mills' refund offer.

7 – OPINION AND ORDER

## B. Article III and Statutory Standing

General Mills argues that Hamilton lacks Article III standing because he has not suffered any physical or economic injury and has no possibility of obtaining relief because he has already been offered a full refund. Def.'s Mot., 12, ECF No. 18. General Mills also argues that Hamilton lacks statutory standing under Oregon's UTPA because he has not suffered an "ascertainable loss" in the form of money or property. *Id.*

This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In order to establish subject matter jurisdiction, the plaintiff must prove that he has suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact must be actual or imminent, not conjectural or hypothetical. *Id.*

Similarly, a plaintiff must show that he has suffered an ascertainable loss of money or property in order to bring suit under Oregon's UTPA. ORS § 646.368(1). The Oregon Supreme Court has defined "ascertainable" as "capable of being discovered, observed or established." *Scott v. W. Int'l Surplus Sales, Inc.*, 267 Or. 512, 515 (1973). The "ascertainable loss" requirement distinguishes a UTPA claim from other claims in that the injury suffered must be objectively verifiable. *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 117 (2015). This standard precludes claims for personal injury and noneconomic losses such as physical pain, emotional distress, or humiliation from being brought under the UTPA. *See Id.*

I agree with Hamilton's argument that he purchased the "Mislabeled Cheerios" because he thought they were gluten-free and would not have but for General Mills' "misrepresentations." Pl.'s Response, 8, ECF. No. 21. But instead of accepting a refund, Hamilton is suing for statutory damages under the UTPA because he argues that his expenditure

was an "ascertainable loss" and supports his standing to sue for relief beyond the refund. *Id.* at 9. This foundation is flawed for two reasons.

First, Hamilton has not alleged a concrete and particularized injury-in-fact. In *Kanfer*, the court denied the plaintiffs class certification to the extent that it included consumers who suffered no cognizable injury, *including* those who received full refunds. *Kanfer v. PharmaCare, Inc.*, No. 3:15-CV-00120-H-JLB, 2015 WL 6742201 (S.D. Cal. Nov. 4, 2015), slip op. at *14 (issued June 10, 2016) (denying motion for class certification and consolidation). Rather than mitigate his damages by accepting General Mills' recall/refund offer, Hamilton is suing General Mills' for false labeling, marketing, and promotion of the product. Hamilton paints a discreet, manufacturing mishap as a grand scheme of deceptive advertising, marketing, and labeling. I find this to be creative at best. But even so, Hamilton does not allege that he suffered any injury as a result of those alleged wrongdoings except a $15.98 purchase to which he is entitled a refund.

Second, Hamilton has not established that he has suffered an "ascertainable loss" to confer statutory standing under Oregon's UTPA. Hamilton rests his entire claim for statutory damages on a $15.98 purchase that General Mills has offered to refund. Hamilton urges this Court to consider *Sater*, in which the plaintiffs alleged that recalled vehicle parts led to excessive wear to other parts, loss of use of the vehicle, and decreased resale value due to negative publicity. *Sater v. Chrysler Group LLC*, No. EDCV 14-00700-VAP, 2014 WL 11412674, at *4 (C.D. Cal. Oct. 7, 2014). But the plaintiffs in *Sater* alleged objectively verifiable economic losses that exceeded the recall/ refund program of the defendant. Here, Hamilton does not allege any injury other than his reliance on General Mills' "misrepresentation" to purchase the cereal. And because Hamilton's loss of $15.98 is mooted by General Mills' refund program, he does not

have standing to sue because he has not cognizably alleged any other concrete and particularized injury.

For the reasons discussed above, I find that Hamilton's complaint fails to establish any injury in fact that General Mills' refund program does not moot. I also find that Hamilton's complaint does not allege an ascertainable loss for the purpose of statutory standing under the UTPA. As such, Hamilton's claims are DISMISSED for lack of subject matter jurisdiction. While I harbor doubts as to the efficacy of amendment, Hamilton's request for leave to amend is GRANTED with respect to his UTPA claim should he be able to allege an ascertainable loss.

### C. Standing to Pursue Injunctive Relief

General Mills contends that Hamilton "fails to allege a reasonable likelihood of future injury from products promoted as 'Gluten Free'. . . ." Def.'s Mot., 13, ECF No. 18.

In order to satisfy constitutional standing requirements to sue for injunctive relief, the threatened injury must be certainly impending. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013). In *Vavak v. Abbott Labs., Inc.*, the court held that the plaintiff's allegations of various past recalls did not amount to "any real or immediate threat that [she] will be wronged again [.]" *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS RZX, 2011 WL 10550065, at *4 (C.D. Cal. June 17, 2011) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983) ("The speculative nature of [plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.")). The court then dismissed the plaintiff's claim for injunctive relief with prejudice because there was no conceivable amendment that could save the plaintiff's request. *Vavak*, 2011 WL 10550065, at *4 (citing *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir.1998) (dismissal without leave to amend is appropriate when the claim cannot be saved)).

10 – OPINION AND ORDER

General Mills is correct in its assertion that speculation and subjective apprehension do not support standing for injunctive relief. Def.'s Reply, 9, ECF No. 27. Hamilton argues that consumers cannot rely on General Mills' future representations in that General Mills continues to sell "gluten-free" Cheerios and does not have protocols to test its products for gluten. Pl.'s Opp'n, 10, ECF No. 21. Yet Hamilton does not identify any actual or imminent threat of future harm. Since identifying the source of the contamination and recalling those products, General Mills has been in compliance with the FDA. The FDA does not require manufacturers to test its finished products for gluten.[2] Moreover, Hamilton has stated no factual allegations suggesting that the contamination that led to the recall was anything more than an isolated incident. Rather, Hamilton attempts to shift the burden to General Mills to prove through discovery that its recall program is comprehensive and that it is not guilty of misconduct. This is misguided strategy. An isolated manufacturing mistake with no plausible factual allegations of impending threat of future related incidents does not confer standing to sue for injunctive relief. Because I cannot conceive of any amendment that would save this aspect of Hamilton's claim, Hamilton's request for injunctive relief is DISMISSED with prejudice.

### III. Failure to State a Claim Upon Which Relief Can Be Granted

General Mills next moves to dismiss Hamilton's claims for failure to state a claim upon which relief can be granted. Def.'s Mot., 19, ECF No. 18. General Mills asserts failure to state a claim under Oregon's UTPA, quantum meruit, and other states' unfair and deceptive practices statutes.

---

[2] The FDA uses compliance tools including sampling and periodic facility inspection to ensure that products labeled gluten-free contain less than 20 parts per million gluten, but it does not require companies to test for gluten. Questions and Answers: Gluten-Free Food Labeling Final Rule, U.S. Food and Drug Admin. (last visited June 17, 2016), http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/Allergens/ucm362880.htm.

11 – OPINION AND ORDER

### A. Failure to State a Claim Under the UTPA

General Mills argues that Hamilton has failed to state a claim under the UTPA because any ascertainable loss that Plaintiff has suffered is due to his failure to seek a refund, not General Mills' "unlawful trade practice." Def.'s Mot., 19, ECF No. 18.

As previously discussed, I find that Hamilton has not suffered an ascertainable loss other than the $15.98 that General Mills' refund program moots. Furthermore, in order for plaintiffs to recover statutory damages on behalf of class members, they must establish that they sustained an ascertainable loss of money or property as a result of "reckless or knowing" company misconduct that ORS § 646.608 deems unlawful. ORS § 646.638(8)(a). Hamilton alleges that General Mills violated the UTPA by misrepresenting the "mislabeled" Cheerios as having a characteristic they did not have, ORS § 646.608(e), and having a particular standard, quality, or grade that they did not have, ORS § 646.608(g). Pl.'s Compl., ¶ 66, ECF No. 1. Yet Hamilton does not allege recklessness or knowledge with regard to the contamination except perhaps for General Mills' lack of testing on finished products, which the FDA does not require (*see supra* note 2).

In *Sater*, the plaintiffs alleged that Chrysler knew that tie rods in its trucks were defective but continued to sell and market the vehicles as "safe and reliable" anyway. *Sater*, 2014 WL 11412674, at *2. In this case, General Mills unloaded its gluten-free flour onto trucks that previously carried wheat flour because of a rail car incident. General Mills was not aware if the trucks had been cleaned according to protocols, but it traced consumer complaints back to those batches and issued a recall/refund program. Therefore, even if Hamilton were able to point to an injury caused by General Mills' alleged deception, Hamilton has only established that General Mills made a mistake, not that it recklessly or knowingly engaged in any fraudulent or deceptive

business practices. Due to Hamilton's failure to establish that he suffered an ascertainable loss or that General Mills recklessly or knowingly engaged in misconduct, I find that Hamilton has failed to state a claim under Oregon's UTPA. Therefore, his claim for statutory damages is DISMISSED with leave to amend.

### B. Failure to State a Claim Under Quantum Meruit

General Mills argues that Hamilton's quantum meruit claim should be dismissed because General Mills has already offered (and continues to offer) him a refund, therefore it has been disgorged of any "unjust gains" it made through its sale of the contaminated cereal. Def.'s Mot., 20, ECF No. 18. In response, Hamilton vaguely reasserts that whether the recall/refund program is adequate has yet to be determined. Pl.'s Opp'n, 18–19, ECF No. 21.

General Mills' argument is on point. Hamilton has not adequately alleged that General Mills has committed any wrongdoing beyond an isolated manufacturing mistake. Because the company issued a widely publicized recall and refund program to correct that mistake, it is hard to imagine what, if any, unjust gains it made that it has not been disgorged of already. Furthermore, Hamilton's counsel at oral argument conceded that the appropriate remedy for quantum meruit is restitution. Oral Arg. Tr., 30:8, ECF No. 38. Because restitution is already available through the recall program, I find that Hamilton has failed to state a claim upon which relief can be granted under quantum meruit and order it DISMISSED with prejudice.

### CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 18, is GRANTED due to this Court's lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Hamilton may amend his claim for statutory damages under the UTPA, but his claims for

injunctive relief and quantum meruit are dismissed with prejudice. The additional issues in Defendant's Motion are DENIED as moot.

IT IS SO ORDERED.

DATED this 27th day of July, 2016.

                                        **Michael J. McShane**
                                    **United States District Judge**