IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER HAMILTON**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>**GENERAL MILLS, INC.,**<br>**GENERAL MILLS SALES, INC.**<br><br>    Defendants. | Civ. No. 6:16-cv-382-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

  Plaintiff Christopher Hamilton, an Oregon citizen, alleged that defendants, General Mills, Inc. and General Mills Sales, Inc. ("General Mills"): (1) violated the Oregon Uniform trade Practices Act ("UTPA"), Or. Rev. Stat. § 646.605, *et seq*.; (2) received unjust enrichment; and (3) engaged in unfair and deceptive acts and practices under various states' laws. Pl.'s Compl. ¶¶ 60-122, ECF No. 1.

  Plaintiff's original Complaint was dismissed by this Court on July 27, 2016, for lack of standing and for failure to state a claim upon which relief can be granted. Opinion & Order ("Order"), ECF No. 39. The Court ruled that Article III and statutory standing had not been established because the complaint did not allege that plaintiff had suffered an injury-in-fact, either physical or economical, required to invoke subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Court also found that the complaint failed to state a claim under Oregon's UTPA, because there no allegation of an "ascertainable loss." *Pearson v.*

*Philip Morris, Inc.*, 358 Or. 88, 117 (2015). Finally, plaintiff had not shown he would be entitled to statutory damages, because there was no allegation that defendants had engaged in "reckless or knowing" misconduct. *See* ORS 646.638(8)(a).

In granting dismissal, the Court gave Plaintiff leave to amend with respect to his UTPA claims should he be able to allege an injury-in-fact, an ascertainable loss, and/or that General Mills recklessly or knowingly engaged in misconduct. Order 10, 13, ECF No. 39. On August 15, 2016, Hamilton filed a First Amended Complaint ("FAC"). ECF No. 40. Defendants have since moved to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)6) arguing the amended complaint has not cured any of the claims' original defects. Def.'s Br. 6-7, ECF No. 47. This Court agrees. Because the First Amended Complaint does not establish standing and fails to state a claim upon which relief can be granted, General Mills' Motion to Dismiss, ECF No. 47, is GRANTED.

During the pendency of Defendants' Motion to Dismiss, Plaintiff filed a Motion for leave to File a Second Amended Complaint ("SAC"). ECF No. 50. Because the proposed SAC does not the resolve any of the fundamental defects, Plaintiff's Motion, ECF No. 50, is DENIED. The case is to be dismissed with prejudice.

## DISCUSSION

### I. Motion to Dismiss Pursuant to Rule 12(b)(1), lack of subject matter jurisdiction

Plaintiff's First Amended Complaint continues to allege only a loss of $15.98, the purchase price for the mislabeled Cheerios. FAC ¶¶ 47-48, ECF No. 40. As discussed in the Court's prior Order, Defendants have offered and continues to offer to refund the purchase amount. Order 7-9, ECF No. 39. Plaintiff has simply refused to participate in General Mills' recall efforts or to accept the offered refund. In this manner, Plaintiff has failed to mitigate his

damages. Oregon's UTPA requires a plaintiff to establish an "ascertain loss." Again, Hamilton does not allege any injury other than his reliance on General Mills' "misrepresentation" to purchase the cereal. Because Hamilton's loss of $15.98 is mooted by General Mills' refund program, he does not have standing to sue. There is no allegation of a concrete and particularized injury.

Plaintiff argues that statutory damages under ORS § 646.638(1) is an ascertainable loss sufficient to maintain standing under Oregon's UTPA. Pl.'s Opp'n 9-11, ECF No. 49. This logic ignores the statute's plain language distinguishing between actual loss and statutory damages. To suffer an "ascertainable loss of money or property, real or personal" is a prerequisite to recover actual damages or statutory damages of $200. ORS § 646.638(1). Here, Hamilton failed to allege that prerequisite.

Hamilton has the burden to establish that subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff must prove that he has suffered an injury-in-fact, *which is* a concrete and particularized invasion of a legally protected interest. *Id.* at 560. Hamilton has not met his burden. General Mill's Rule 12(b)(1) Motion to Dismiss is GRANTED. Hamilton's claims are DISMISSED for lack of subject matter jurisdiction.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

A complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual allegations give rise to a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, the factual allegations must allow the court to infer more than a "mere possibility of misconduct." *Id.* at 679.

In order to recover statutory damages, plaintiff must establish "an ascertainable loss of money or property as a result of a reckless or knowing misconduct. ORS § 646.638(1). As previously ruled, a onetime mistake does not amount to "reckless" or "knowing" conduct. Order 9, 12, ECF No. 39. Similarly to the original complaint, Plaintiff's FAC expressly acknowledges the "inadvertent" nature of the contamination, which was an isolated incident. FAC ¶ 41, ECF No. 40. Plaintiff's FAC continues to fail to allege any facts that defendants' misconduct was "reckless or knowing." General Mills' Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED. Hamilton's claims are DISMISSED for failure to state a claim upon which relief can be granted.

### III. Hamilton's Motion for Leave to File Second Amended Complaint

During the pendency of General Mills' Motion to Dismiss Plaintiff's FAC, Hamilton requested from the Court leave to file a Second Amended Complaint. Pl.'s Mot., ECF No. 50. The allegations are the same, with one exception; the proposed SAC seeks to allege sufficient facts that Defendants' misconduct was reckless or knowing. SAC ¶¶ 47-61, ECF No. 50, Ex. A. The SAC identifies a gluten-free dietician of a Gluten Free Watchdog group ("GFW"). GFW has a website where the organization posts its position and viewpoints on Cheerios and its manufacturing process. SAC ¶¶ 47-61. GFW takes the position that Cheerios is made from oats known to be contaminated with wheat and barley. SAC ¶ 50. Allegedly, on July 31, 2015, a General Mills employee posted on GFW's website commenting about problems with producing Gluten-Free Cheerios. SAC ¶ 51. GFW also considers the testing methodology used by General Mills to be deficient. SAC ¶¶ 52-53. GFW's website contains customer complaints regarding Gluten-Free Cheerios, dated from July 30, 2015, August 8, 2015, August 19, 2015, September 2,

2015, and October 6, 2015, during the period covered by the recall and refund program. SAC ¶ 54.

The Plaintiff is in this case is Christopher Hamilton. The alleged misconduct is specific to an isolated occurrence, where, due to a transportation breakdown, gluten-free oat flour was contaminated with traces of wheat flour, and then used to make Cheerios mislabeled as gluten-free. Hamilton's only alleged injury is the economic loss of $15.98, an alleged injury that has been dispelled through defendant's voluntary recall program. There is no allegation he consumed the cereal or that he suffered any physical ailments from having consumed the cereal.

Non-party commentary on an issue-driven website bulletin board, while interesting, allows the court to do no more than engage in speculative gossip. Neither GFW nor the individuals commenting are part of this suit. The policy position or viewpoint of an interest group has no nexus to the specific conduct alleged in the complaint before the court. Nor do such views alter the reality that Hamilton has not alleged an injury-in-fact. The court is not an administrative agency charged with the policing of the general production practices of the cereal industry. Plaintiff's Motion for leave to file a second amended complaint, ECF No. 50, is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 47, is GRANTED

/ / /

/ / /

/ / /

/ / /

with prejudice. The additional issues in Defendant's Motion are DENIED as moot.

Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 50, is DENIED. Any additional amended complaint is unlikely to cure the allegations' deficiencies.

IT IS SO ORDERED.

DATED this 2nd day of November, 2016.

_____
**Michael J. McShane**
**United States District Judge**